IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-198-FL
NO. 5:11-CV-392-FL

| | | |
|---|---|---|
| TONY ANTHONY GILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-46). The Government has filed a response (DE-52) and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Petitioner's Motion to Vacate (DE-46) be GRANTED in part, and DENIED AS MOOT in part.

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base on November 4, 2009. (DE's 23-25). On August 13, 2010, the Court sentenced Petitioner to, *inter alia*, a term of imprisonment of 240 months. (DE-40). Specifically, the Court calculated Petitioner's initial sentencing guideline range as between 262 and 327 months of imprisonment. (DE 52-1, pg. 5). After taking into account Respondent's

1

motion for a downward departure, the Court sentenced Petitioner to what was then believed to be the statutory minimum of 240 months. *Id*. at 13. During sentencing, the Court specifically noted that, "[i]f the motion [for downward departure] had been made pursuant to another avenue, I might have, in light of what the government has presented, had reason to think about something less." *Id*. Petitioner did not file a direct appeal, and the instant Motion to Vacate was correctly filed on August 12, 2011. (DE-46).

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5, fn. 4 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (*citing* Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); *see also*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

In his Motion to Vacate, Petitioner raises two ineffective assistance of counsel claims. First, Petitioner alleges that counsel failed file a notice of appeal after being instructed to do so. *Id.* at pg. 4. Secondly, Petitioner contends that counsel failed to raise the Fair Sentencing Act ("FSA"), Pub. L. 111-220, at sentencing. *Id.* at pg. 6.

The undersigned shall address Petitioner's FSA claim first. Signed into law on August 3, 2010, the FSA raised the amounts necessary to trigger ten and twenty year mandatory minimum sentences, "such that those defendants convicted of possessing smaller amounts of crack cocaine

2

now face shorter required sentences." United States v. Bullard, 645 F.3d 237, 246 (4th Cir.), *cert. denied*, 2011 WL 4536465 (U.S. Oct. 3, 2011). Arguments that the FSA should apply retroactively have been rejected by the Fourth Circuit. *Id.* at 249. However, the Fourth Circuit has "not yet addressed the FSA's applicability to convictions involving pre-enactment conduct, but post-enactment sentencing." United States v. Christian, 2011 WL 5252737, *4 (4th Cir. Nov. 4, 2011)(*citing* Bullard, 645 F.3d at 248, fn. 5). However, Respondent concedes that, in its belief, the FSA should have been applied at Petitioner's sentencing—which occurred 10 days after the effective date of the FSA. (DE-52, pg. 4). Specifically, Respondent notes it "has concluded that the best reading of Congress's intent, considered in light of the structure and purpose of the Act and applicable legal principles, is that Congress intended that the new penalties would apply to all federal sentencings that take place on or after the Act's effective date, *i.e.*, August 3, 2010 . . . [t]hat reading is most consistent with the Act's stated purpose: '[t]o restore fairness to Federal cocaine sentencing.'" *Id.* at pg. 6. Under the FSA, Petitioner's statutory minimum sentence would have been 10 years rather than 20 years. *See*, 21 U.S.C. § 841.

Based on these representations, the undersigned finds that Petitioner has established by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States. Accordingly, the undersigned RECOMMENDS that this portion of Petitioner's Motion to Vacate be GRANTED, and that Petitioner be re-sentenced in accordance with the FSA.

Finally, Petitioner also alleges that counsel was ineffective because he failed to file a notice of appeal as instructed. Based on the above recommendation, the undersigned finds this claim moot. Specifically, if Petitioner is re-sentenced, he will be able to file an appeal based on that new judgment. Accordingly, it is RECOMMENDED that this portion of Petitioner's Motion to

3

Case 5:09-cr-00198-FL   Document 55   Filed 12/05/11   Page 3 of 4

Vacate be DENIED AS MOOT.

**Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Petitioner's Motion to Vacate (DE-46) be GRANTED in part, and DENIED AS MOOT in part. It is further RECOMMENDED that Petitioner be re-sentenced in accordance with the FSA.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, December 05, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

4

Case 5:09-cr-00198-FL   Document 55   Filed 12/05/11   Page 4 of 4