IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-198-FL-1
No. 5:16-CV-38-FL

| | | |
|---|---|---|
| TONY ANTHONY GILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 113, 118), which challenges petitioner's career offender sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 122). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On November 4, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. On August 13, 2010, this court sentenced petitioner to 240 months' imprisonment. Petitioner did not appeal his judgment.

Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on July 25, 2011. On March 12, 2013, this court granted that part of petitioner's motion seeking benefit of the Fair

Sentencing Act. At his resentencing, held on May 7, 2013, petitioner was sentenced to 198 months' imprisonment. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals dismissed the appeal.[1]

On January 25, 2016, petitioner filed the instant § 2255 motion,[2] arguing that in light of Johnson, he no longer qualifies as a career offender. In its motion to dismiss, the government argues petitioner's § 2255 motion should be dismissed for three reasons: 1) petitioner's motion is untimely; 2) petitioner's motion fails due to the appellate waiver in his plea agreement; and 3) Johnson does not undermine petitioner's status as a career offender.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

---

[1] The Fourth Circuit concluded that petitioner had knowingly and voluntarily waived his right to appeal and that the issue raised fell within the scope of his waiver of appellate rights.

[2] Two documents styled as motions to vacate have been filed in this matter: one was filed by petitioner proceeding pro se (DE 113) and the other was filed by counsel appointed pursuant to Standing Order 15-SO-02 (DE 118). Because the issue raised in each overlaps, this court construes the two documents as a single § 2255 motion.

1.  Petitioner's Johnson claim fails on the merits.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In this case, petitioner relies on Johnson's reasoning to challenge his designation as a career offender under U.S.S.G. § 4B1.1 on the basis that Johnson invalidated the residual clause. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 886, 894 (2017). Thus, petitioner may not rely on Johnson's reasoning to challenge his designation as a career offender.

2.  Petitioner's post-Beckles challenge is untimely.

In his supplemental response, petitioner raises a new claim. In particular, petitioner argues that the North Carolina crime of assault with a deadly weapon inflicting serious injury is not a "crime of violence" under U.S.S.G. § 4B1.2(a), including its residual clause, force clause, or enumerated offense clause. Petitioner's claim is untimely and not cognizable on collateral review. Therefore it must be dismissed.

A one-year period of limitation applies to claims in a § 2255 motion. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, after this court resentenced petitioner, on May 7, 2013, he appealed his judgment. The Fourth Circuit Court of Appeals granted the government's motion to dismiss on December 17, 2013. Petitioner did not seek to file a petition for certiorari before the Supreme Court. Therefore, petitioner's judgment became final when the time expired for him to seek such a petition. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that finality attaches when the Supreme Court affirms a conviction on the merits on direct review, denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires). Petitioner had 90 days from entry of the judgment of the Court of Appeals to file a petition for certiorari. See Supreme Court Rule 13(1).

Because judgment was entered in December of 2013, petitioner's judgment became final in March of 2014. Petitioner's post-Beckles claim, filed on April 17, 2017, is more than two years outside the filing period provided by § 2255(f)(1). Petitioner also has failed to show that his claim is timely pursuant to § 2255(f)(3). Because Johnson is inapplicable to the Guidelines and petitioner's claim does not otherwise rely on a retroactively-applicable Supreme Court case, petitioner has not raised a claim triggering § 2255(f)(3).

Petitioner has also failed to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that

prevented him from making a timely filing. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his § 2255 claim. Consequently petitioner's supplemental claim must be dismissed as untimely.

3. Petitioner's post-Beckles challenge is not cognizable.

Petitioner's supplemental claim also fails because a challenge to the advisory guideline range is not cognizable on collateral review. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation") (internal quotation marks omitted)). In analogous circumstances, the Fourth Circuit Court of Appeals held that a defendant's challenge to his career offender designation based on the intervening decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), was not cognizable on collateral

5

review. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Accordingly, petitioner's supplemental claim must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 113, 118) and GRANTS the government's motion to dismiss (DE 122). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge